IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2003-4, NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-4, | § § § § § § § § § § § § § § § § § § § | |
| Plaintiff, | | Civil Action No.5:22-cv-00609 |
| v. | | |
| FREDERICK SEEHUSEN and HEATHER SEEHUSEN, | | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff The Bank of New York Mellon, f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2003-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2003-4 ("Plaintiff or "BNYM") complaining of Frederick Seehusen and Heather Seehusen files this *Original Complaint* and states as follows:

**I.     PARTIES**

1.     Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.     Donald Seehusen and Anneliese Seehusen ("Decedents") were borrowers under the below-described loan agreement at issue in this action. Donald Seehusen died on or about July 3, 2009. Anneliese Seehusen died on or about August 5, 2021. Upon information and belief,

no probate is open for Decedents' respective estates in the county where the subject property is located or the county in which they died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' respective estates.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's respective estates, including an undivided interest in the Property, immediately upon their respective deaths. Each Heir is made a party in this proceeding.

4. Defendant Frederick Seehusen is an alleged heir and son of Decedents. Defendant Frederick Seehusen is a citizen of the state of Texas, and may be served with process at 306 Earlyway Drive, San Antonio, Texas 78233 or at any other place where he may be found. Summons is requested.

5. Defendant Heather Seehusen is an alleged heir and granddaughter of Decedent. Defendant Heather Seehusen is a citizen of the state of Texas, and may be served with process at 15400 Lookout Road, Apt. 924, Live Oak, Texas 78233 or at any other place where she may be found. Summons is requested.

## II.  PROPERTY

6. This proceeding concerns the real property and improvements commonly known as 310 Earlyway Drive, San Antonio, Texas 78233 and more particularly described as follows:

> LOT THREE (3), BLOCK EIGHT (8), NEW CITY BLOCK 13770, MORNINGSIDE PARK SUBDIVISION, CITY OF SAN ANTONIO, IN BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 3850, PAGE 25, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. (The "Property").

### III.     DIVERSITY JURISDICTION AND VENUE

7. Defendants are individuals and citizens of Texas.

8. BNYM is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). BNYM is a national banking association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). BNYM is, and at all times relevant to this action was, a national association bank with its main office located in New York, New York.  Thus, Plaintiff BNYM is a citizen of New York, and no other state, for purposes of diversity jurisdiction.

9. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Bexar County Appraisal District values the Property at $163,360.00.

12. Jurisdiction and venue are properly in this district and division, the United District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## IV. FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On or about October 23, 2003, Decedents executed a *Texas Home Equity Note (Fixed Rate-Fixed Lien)* in the principal amount of $49,000.00 ("Note"), originally payable to Novastar Mortgage, Inc. ("Novastar") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

15. Concurrently with the execution of the Note, Decedents ("Borrowers") executed a Texas Home Equity Security Instrument, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Novastar its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Bexar County, Texas, as Document No. 20030289991, on November 6, 2003. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

16. The Security Instrument named Mortgage Electronic Registration Services, Inc ("MERS") as the beneficiary, as nominee for Novastar Mortgage, Inc. Subsequently, MERS, as nominee for Novastar, transferred and assigned the Loan Agreement to BNYM. The Assignment of Deed of Trust was recorded in the official public records of Bexar County, Texas, under Instrument No. 20210085440 on April 1, 2021. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

17. Plaintiff is the current owner and holder of the Note and beneficiary of the Security Instrument.

18. Decedent Donald Seehusen died on or about July 3, 2009. Decedent Anneliese Seehusen died on or about August 5, 2021. Upon information and belief, no probate was ever opened for Decedents. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all of their interest in the Property immediately upon their death, subject to the Loan Agreement debt owed to Plaintiff.

19. Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

20. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the

Case 5:22-cv-00609   Document 1   Filed 06/09/22   Page 6 of 10

covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

21. The Loan Agreement is currently due for the July 1, 2021, payment and all subsequent monthly payments. On February 22, 2022, *Notices of Default* were sent via certified mail to the Borrowers, in accordance with the Loan Agreement and the Texas Property Code.. True and correct copies of the *Notices of Default* are attached hereto as **Exhibit D**.

22. The default has not been not cured, and the maturity of the debt is hereby accelerated.

23. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V.  CAUSES OF ACTION

### A.  DECLARATORY JUDGMENT

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

PLAINTIFF'S ORIGINAL COMPLAINT
MWZM: 22-00038-671                                                                                         Page 6

## B. ENFORCEMENT OF STATUTORY PROBATE LIEN

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

28. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedents' debts.

### D. PUBLIC AUCTION

31. The foregoing paragraphs are incorporated by reference for all purposes.

32. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

35. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bexar County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

38. The foregoing paragraphs are incorporated by reference for all purposes.

39. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

40. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686
**ATTORNEYS FOR PLAINTIFF**