## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2003-4, NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-4, | § § § § § § § § § | |
| | § | Civil Action No. 5:22-cv-00609-OLG |
| Plaintiff, | § § | |
| v. | § § | |
| FREDERICK SEEHUSEN and HEATHER SEEHUSEN, | § § § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT FREDERICK SEEHUSEN

The Bank of New York Mellon, f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2003-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2003-4 ("Plaintiff or "BNYM") files this its *Motion for Default Judgment* as to Defendant Frederick Seehusen ("Defendant") and respectfully shows as follows:

## I.

1.      Plaintiff filed its Original Complaint on June 9, 2022. (ECF Document No. 1).

2.      Defendant Frederick Seehusen was served with a copy of the Original Complaint via personal service on June 27, 2022, at 306 Earlyway Drive, San Antonio, Texas 78233 (*See*

ECF Document No. 6). His answer or other response to the Original Complaint was due on or before July 18, 2022. FED. R. CIV. P. 12(a)(1)(A)(i).

3.     Defendant Frederick Seehusen has not answered or otherwise appeared in this action.

4.     The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

5.     Plaintiff has requested that the Clerk of this Court enter default against Defendant Frederick Seehusen because he did not file a responsive pleading within 21 days after service of the Original Complaint. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Defendant has not otherwise attempted to defend against the Original Complaint. *See* FED. R. CIV. P. 55.

6.     Plaintiff meets the requirements for obtaining an entry of default from the clerk as demonstrated by the Declaration of Nicholas M. Frame attached hereto as Exhibit A and incorporated by reference for all purposes.

7.     Defendant is not on active duty military status. *See* Exhibit A-1.

8.     Plaintiff is entitled to an entry of default as to Defendant Frederick Seehusen because he did not answer or otherwise defend the Original Complaint.

9.     Plaintiff is filing its *Plaintiff's Request for Clerk's Entry of Default* concurrently with this motion.

10.    Plaintiff now asks the Court to render default judgment against Defendant Frederick Seehusen.

**II.**

11.     The Court should render a default judgment against Defendant because he did not file a responsive pleading or otherwise defend the claims against him.  Such default constitutes an admission by Defendant of all allegations in Plaintiff's Original Complaint.  Thus, Plaintiff is entitled to a default judgment on liability and damages.  With regard to the issue of damages, Plaintiff does not seek monetary damages against Defendant, but instead seeks declaratory judgment that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001. Further, Plaintiff seeks a judgment allowing foreclosure of Defendant's interest of the real property which is the subject of this matter, 310 Earlyway Drive, San Antonio, Texas 78233 and more particularly described as follows:

> LOT THREE (3), BLOCK EIGHT (8), NEW CITY BLOCK 13770, MORNINGSIDE PARK SUBDIVISION, CITY OF SAN ANTONIO, IN BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 3850, PAGE 25, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. (The "Property").

Therefore, no hearing is necessary to establish the amount of Plaintiff's damages.

12.     Plaintiff requested reasonable and necessary attorney's fees against Defendants based on Texas Civil Practice and Remedies Code Chapter 38 and the terms of the loan documents. Plaintiff is entitled to attorneys' fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code Section 38.001 – more specifically, breach of contract.  Plaintiff presented its claim for payment to Defendant.  Defendant has not tendered the amount owed.  More than 30 days have expired since the claim was presented.  The amount of such fees to be determined by subsequent motion practice.  Plaintiff requests that the

award of attorneys' fees be made not as a money judgment against Defendant, but as a further obligation owed by Defendant under the Note and Security Instrument.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter a default judgment against Defendant Frederick Seehusen on all claims against them in Plaintiff's Original Complaint, and award Plaintiff the following relief:

1.    Judgment against Defendant for court costs;

2.    Judgment against Defendant for reasonable attorneys' fees as a further obligation owed by Defendant under the Note and Security Instrument;

3.    Judgment declaring that Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

4.    Judgment against Defendant declaring that the following are secured by the Texas Home Equity Security Instrument on the Property: (a) the outstanding balance of the *Texas Home Equity Adjustable Rate Note*; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

5.    Judgment against Defendant declaring that Plaintiff may foreclose on Defendant's interest on the Property pursuant to the Note and the Deed of Trust; and

6.    Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By:  /s/ Nicholas M. Frame
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Texas Bar No. 24093448
    nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned certifies that on August 24, 2022, a true and correct copy of the foregoing document was delivered to the following parties in the manner described below:

**Via Certified Mail #** 9314 7699 0430 0098 8221 47
**And Regular Mail**
Frederick Seehusen
306 Earlyway Drive
San Antonio, Texas 78233

    /s/ Nicholas M. Frame
    **NICHOLAS M. FRAME**