Case 5:22-cv-00609-OLG   Document 12   Filed 08/31/22   Page 1 of 4

**FILED**
August 31, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                      DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS SUCCESSOR IN INTEREST TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2003-4, NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2003-4, §§§§§§§§§§§ Plaintiff, §§ v. §§ FREDERICK SEEHUSEN and HEATHER SEEHUSEN, §§§§ Defendants. § | Civil Action No. 5:22-cv-00609-OLG |

## DEFAULT JUDGMENT AS TO DEFENDANT FREDERICK SEEHUSEN

Came on to be considered the above-entitled and numbered cause wherein The Bank of New York Mellon, f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, N.A. as Trustee for NovaStar Mortgage Funding Trust, Series 2003-4, NovaStar Home Equity Loan Asset-Backed Certificates, Series 2003-4 ("Plaintiff or "BNYM") is the Plaintiff and Frederick Seehusen is the Defendant ("Defendant"). Defendant, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against him.

**I.**

Plaintiff's Original Complaint ("Complaint") was served upon Defendant according to law and returned to the Clerk where it remained on file for the time required by law. The Court

has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendant. The Court further finds that Plaintiff does not seek monetary damages against Defendant, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore,

**II.**

In light of Defendant's default and the nature of Plaintiff's claims against him, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Original Complaint be and are deemed admitted as to Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** the Motion for Default Judgment is **GRANTED** in its entirety. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that certain *Texas Home Equity Note (Fixed Rate-First Lien)* executed on or about October 23, 2003 by Decedents Donald Seehusen and Anneliese Seehusen ("Decedents" or "Borrowers") (hereinafter "Note"). It is further,

**ORDERED, ADJUDGED AND DECREED** that that certain *Texas Home Equity Security Instrument* dated October 23, 2003 executed by Decedents Donald Seehusen and Anneliese Seehusen and recorded as Document No. 20030289991 in the real property records of Bexar County, Texas (hereafter "Security Instrument"), provides that Plaintiff as the current owner of the Note and mortgagee of the Security Instrument, in the event of a default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 310 Earlyway Drive, San Antonio, Texas 78233 and more particularly described as follows:

LOT THREE (3), BLOCK EIGHT (8), NEW CITY BLOCK 13770, MORNINGSIDE PARK SUBDIVISION, CITY OF SAN ANTONIO, IN BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 3850, PAGE 25, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. (The "Property").

It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is the current holder and owner of the Note and beneficiary of the Security Instrument. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note; prejudgment interest at the Note interest rate of 8.250%; post-judgment interest at the Note interest rate of 8.250%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff or its successors or assigns, may proceed with foreclosure on Defendants Frederick Seehusen's interest in the Property as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further,

**ORDERED, ADJUDGED AND DECREED** that all foreclosure notices may be mailed to Frederick Seehusen at 306 Earlyway Drive, San Antonio, Texas 78233. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs are to be taxed against Defendant Frederick Seehusen, not as a personal judgment but as a further obligation on the debt. It is further,

**ORDERED, ADJUDGED AND DECREED** that this Order fully resolves all remaining claims between Plaintiff and Defendants. This case may be closed.

Signed this __31st__ day of _____August_____, 2022.

_____
**ORLANDO L. GARCIA**
**CHIEF U.S. DISTRICT JUDGE**